INTERNATIONAL LAW & BUSINESS INSTITUTE v. GOULARD.

(Supreme Court, Appellate Term, First Department.   December 30, 1915.)

BILLS AND NOTES ⬉⧺489—ACTIONS—PLEADING—EVIDENCE.
>Where the answer in an action on a promissory note merely denied information sufficient to form a belief, defendant's evidence of a collateral oral agreement varying the note was inadmissible, being foreign to the issues as framed.

>[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1587–1642; Dec. Dig. ⬉⧺489.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the International Law & Business Institute against Alexander Goulard. From a judgment for defendant, plaintiff appeals. Reversed, and judgment for plaintiff directed.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

David F. Barnett, of New York City, for appellant.
William H. Snowden, of New York City, for respondent.

PHILBIN, J.  The plaintiff in this action sets up a promissory note made and delivered by the defendant to the plaintiff, bearing date the 17th day of May, 1910, whereby the defendant promised to pay the plaintiff or its order the sum of $75 in monthly installments. It is alleged that no part of said note has been paid and that plaintiff is the owner and holder thereof. The answer consists solely of a denial of any knowledge or information sufficient to form a belief as to the allegations of the complaint.

Upon the trial the said note was received in evidence by stipulation, and the plaintiff, after offering testimony that no part thereof had been paid, rested. The defendant then took the stand and was allowed to testify as to an alleged oral agreement between him and

the agent of the plaintiff, made at the time the note in question was delivered by the defendant. The said agreement, as testified by the defendant, was in substance that said note was delivered to plaintiff's agent upon condition that the latter should not deliver the same to the plaintiff until the defendant received an increase in salary. Objection and exception were taken to the admission of the said testimony of the plaintiff on the ground that it was immaterial and not relevant to the issue. The said testimony was improperly admitted under the issue framed.

Judgment reversed, with $30 costs, and judgment directed for plaintiff for the amount of the said note, with interest and costs. All concur.